```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

BRANDI KRUK,

      Plaintiff,

v.                               Civil Action No. 2:23-cv-00641

BOBBY R. HALE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff Brandi Kruk's Application to Proceed Without Prepayment of Fees or Costs (ECF No. 1), filed September 26, 2023, and Motion for Emergency Temporary Restraining Order (ECF No. 5), filed October 20, 2023, and defendant Bobby Hale's Motion to Dismiss Complaint (ECF No. 7), filed November 21, 2023.  As plaintiff has proceeded pro se, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of Proposed Findings and Recommendations ("PF&R").  Judge Tinsley entered his PF&R (ECF No. 14) on July 16, 2024, to which neither party has filed objections.

This action is based on state family court proceedings that have occurred from 2018 to present and over which defendant presided and continues to preside in his position as the Family-

Court Judge of the Tenth Judicial Family-Court Circuit of West Virginia.  See PF&R at 2.  The purpose of the proceedings has been to adjudicate plaintiff's divorce, child custody, and related issues.  See id.  Plaintiff takes issue with various myriad judicial determinations made by defendant over the course of the family court proceedings which can broadly be categorized as (1) child custody determinations or (2) property distribution and child support determinations.  See id. at 2-3.

Judge Tinsley found that the court lacks jurisdiction to adjudicate this matter pursuant to the Rooker-Feldman doctrine after analyzing each of the doctrine's four factors and finding that they support dismissal.  See id. at 8, 10-12; see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).  The PF&R goes on to say that even if the Rooker-Feldman doctrine is inapplicable and the court does have subject-matter jurisdiction, the complaint should be dismissed because defendant is immune from suit as he was acting in his official capacity at the time of the alleged harm, and furthermore the complaint fails to state a plausible claim for relief.  See PF&R at 16-17.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made.  See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added). Failure to timely file objections constitutes a waiver or de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).

Objections in this case having been due on or before August 2, 2024, and none having been filed, this matter may be duly adjudicated.  The court agrees with the determination that, pursuant to the Rooker-Feldman doctrine, there is no subject matter jurisdiction over this matter.  Thus, the complaint is dismissed on that ground.

Accordingly, it is ORDERED that:

1. The magistrate judge's Proposed Findings and Recommendations be, and it hereby is, ADOPTED by the court and incorporated herein;

2. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (ECF No. 1) be, and it hereby is, DENIED;

3. Plaintiff's Motion for Emergency Temporary Restraining Order (ECF No. 5) be, and it hereby is, DENIED;

4. Defendant's Motion to Dismiss Complaint (ECF No. 7) be, and it hereby is, GRANTED; and

5. This civil action be, and it hereby is, DISMISSED.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: August 7, 2024

John T. Copenhaver, Jr.
Senior United States District Judge